U. S. COURTS
NOV -1 2005
REC'D_____ FILED_____
CAMERON S. BURKE
CLERK IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----ooOoo----

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. CR. 05-168-S-WBS |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| ROBERT L. VON KROSIGK, | |
| Defendant. | |

----ooOoo----

Defendant, appearing pro se, has filed several pretrial motions, which the court considers below.

I.  Motion to Dismiss for Lack of Jurisdiction

Defendant's jurisdictional argument appears to be based upon his contention that as a result of the agreement between the United States and the State of Idaho at the time the latter was admitted to the Union the geographical area within the State of Idaho is somehow outside the boundaries of the United States. There is no such agreement. The State of Idaho is part of the United States. Defendant is charged in the Indictment with violations of 18 U.S.C. §§ 876(d) and 1342 committed in the District of Idaho. The United States district courts have

1

jurisdiction over all offenses against the laws of the United States. 18 U.S.C § 3231. The motion to Dismiss for Lack of Jurisdiction is therefore DENIED.

II. <u>Motion to Dismiss and Counterclaim for Mail Fraud</u>

In addition to his jurisdictional argument, discussed above, defendant's "motion to dismiss with prejudice and counter claim for mail fraud" appears to be based on his claims that the government has failed to respond adequately to his discovery requests or to turn over exculpatory information in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The court's review of the record, including the government's response to defendant's motion, reveals that the government has turned over to defendant all discoverable documents, including copies of the items seized pursuant to the search warrant.

The motion to dismiss based on failure to provide discovery is therefore DENIED.[1]

III. <u>Motion for a Bill of Particulars</u>

The purposes of a bill of particulars are (1) to inform the defendant of the charges presented, (2) to aid in the preparation for trial, and (3) to protect against double jeopardy. <u>United States v. Burt</u>, 765 F.2d 1364 (9th Cir. 1985). Where the indictment adequately sets forth the details of the alleged offense and the government complies with its discovery obligations, a bill of particulars is unnecessary. <u>United States v. Mitchell</u>, 744 F.2d 701, 705 (9th Cir. 1984).

Here, each count of the Indictment not only describes

---

[1] Counterclaims are not permitted in criminal cases.

2

the alleged offense in the language of the statute, containing all the elements of each offense alleged, but includes four full pages of introductory allegations, and two additional paragraphs describing the scheme to defraud alleged in the first three counts, as well as several additional paragraphs setting forth the details of the communications which are the subject of counts four through sixteen and the nature of the alleged threats contained therein.  This is more than sufficient to inform the defendant of the nature of the charges against him, to allow him to prepare his defense, and to allow him to plead double jeopardy against any future prosecution.

Defendant's motion for a bill of particulars is therefore DENIED.

IV.  Motion to Dismiss for Miranda Rights Violation

Where there has been a violation of a defendants rights under Miranda v. Arizona, 384 U.S. 436 (1966), the appropriate remedy is suppression of any statements, and the fruits thereof, obtained in violation of those rights.  See Cooper v. Dupnik, 924 F.2d 1520, 1529 (9th Cir. 1991), amended, 963 F.2d 1220 (9th Cir. 1992).  The government has represented that it does not intend to introduce any statements made by defendant to law enforcement officers while he was in custody.  Accordingly, it appears that defendant's motion is moot.

The affidavit in support of the search warrant does include statements of the defendant, made during the booking process, identifying his vehicle.  However, routine background or biographical questions asked in the process of booking are not prohibited by Miranda.  See United States v. Gonzalez-Sandoval,

894 F.2d 1043, 1046 (9th Cir. 1990). Moreover, the affidavit of Agent Kessler appears sufficient to support the search warrant even in the absence of any reference to statements by the defendant. See United States v. Grandstaff, 813 F.2d 1353, 1354-55 (9th Cir. 1987)(holding that where illegally obtained evidence is used in an affidavit to support a search warrant, the evidence obtained as a result of the execution of the warrant need not be suppressed if the affidavit still supports a finding of probable cause after the reference to the illegally obtained evidence is excised.)

Defendant's motion to dismiss for Miranda rights violation, which the court construes as a motion to suppress, is therefore DENIED without prejudice to the right of the defendant to object at the time of trial to the admission of any statements made by him.

V. Motion to Dismiss for Religious Rights Violation

Defendant's "Motion to Dismiss for Religious Rights Violation" is based on the fact that in the affidavit in support of the search warrant Agent Kessler stated that ". . . I know that the Andelo Assembly is a corporation sole, purportedly a religious organization used by the constitutionalist/patriot/common law movement to hide assets." From this, defendant infers that the FBI is investigating religious organizations.

That statement in the affidavit does not in itself support the inference defendant seeks to draw, and even if it did it would not rise to the level of the establishment of religion or prohibiting the free exercise of religion as proscribed by the

First Amendment. Nor has defendant demonstrated that he has been selected for prosecution in this case on the basis of his religion. See United States v. McWilliams, 730 F.2d 1218, 1221 (9th Cir. 1984).

VI.   Motion to Dismiss for Lack of Honest Service

Defendant's "Motion to Dismiss for Lack of Honest Service" appears to be based on his claim that the government had not yet turned over to him all materials which the United States Attorney had promised. The subsequent representations of Assistant United States Attorney Wendy Olson establish that the government has now turned over everything it had agreed to provide to the defendant. The motion is therefore DENIED.

VII.   Motions to Report a Crime

Defendant has filed two separate documents entitled "Motion to Report a Crime Under 62 Stat. 684." The first crime he seeks to report is "prosecutorial misconduct," and the second is "misprision of a felony."

The alleged misconduct appears to consist of false or misleading statements which defendant assumes were made by the prosecutor to the grand jury and the allegation that the prosecutor "has joined forces with Special Agent Verna R. Kessler and Idaho Attorneys Brook O'Neil and Sandra L. Clapp to conceal the pattern of activities by Attorneys Brook O'Neil and Sandra L Clapp."

The burden is on defendant to demonstrate flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment. United States v. Benjamin, 852 F.2d 413, 415-16 (9th Cir. 1988). The United

1  States Attorney is under no duty to present exculpatory evidence
2  to the grand jury.  <u>United States v. Estacio</u>, 64 F.3d 477, 481
3  (9th Cir. 1995).  There are no facts before the court to support
4  any claim of prosecutorial misconduct in this case.
5       The court has read defendant's claim of "misprision of
6  a felony" and finds it to have no merit.  His motions to report a
7  crime are therefore noted, but require no action on the part of
8  the court.
9  IX.   <u>Motion to Suppress</u>
10      Where the defendant makes a substantial preliminary
11 showing that a false statement knowingly and intentionally, or
12 with reckless disregard for the truth, was included in an
13 affidavit in support of a search warrant, the Fourth Amendment
14 requires the court to hold a hearing if the allegedly false
15 statement was necessary to the finding of probable cause.  <u>Franks
16 v. Delaware</u>, 438 U.S. 154, 155-56 (1978).
17      In this case, at the hearing on October 18, 2005, the
18 court granted defendant leave to supplement his motion to
19 suppress to set forth all false statements in the affidavit in
20 support of the search warrant which he contends were made
21 knowingly and intentionally or with reckless disregard for the
22 truth.  He has listed four statements.
23      The first allegedly false statement is that defendant
24 was "the trustee" of certain common law trusts.  The second is
25 that certain communications were "threatening."  The third is
26 that defendant provided identifying information, such as "drivers
27 license number, F.B.I number," at the time of his booking.  The
28 fourth is that the Pimbina Band of North America consists of

individuals who are "not Native American but part of the Constitutionalist/patriot/common law movement." (Supplement to Motion to Dismiss for Lack of Honest Service, pp. 3-4.)

None of the assailed statements, either considered separately or all together, were necessary to the finding of probable cause. For that reason alone, defendant is not entitled to a hearing on his motion. Franks, 438 U.S. at 155-56. Whether defendant was "the" trustee or "a" trustee along with others was inconsequential to the determination of probable cause. The characterization of the communications as "threatening" in the context of the affidavit was clearly understood as a description of the charges, and the court has held, infra, that the affidavit was sufficient without the booking statements allegedly made by the defendant.

Further, the statement about the Pembina Band of North America appears in the context of describing that Agent Kessler learned in the course of her training. Defendant has made no showing that the statement is false, much less that Agent Kessler knew it was false or made the statement with reckless disregard for the truth.

///
///
///
///
///
///
///
///

7

1  Because defendant has not met his burden under Franks,[2]
2  the motion to suppress the evidence obtained as a result of
3  execution of the search warrant is DENIED.
4  IT IS SO ORDERED.
5  DATED: November 1, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] See also United States v. Perdomo, 800 F.2d 916, 920 (9th Cir. 1986).